J-S46035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT MERRITT, | : | |
| | : | |
| Appellant | : | No. 902 EDA 2015 |

Appeal from the Judgment of Sentence entered on November 3, 2014
in the Court of Common Pleas of Northampton County,
Criminal Division, No. CP-48-CR-0001888-2014

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 31, 2015**

Robert Merritt ("Merritt") appeals from the judgment of sentence imposed following his guilty plea to possession with intent to deliver a controlled substance ("PWID").  ***See*** 35 P.S. § 780-113(a)(30).  We affirm.

On May 1, 2014, Merritt was arrested and charged with PWID and criminal use of a communication facility deriving from allegations that he had sold cocaine to a confidential informant.  During the coming months, Merritt, either *pro se* or through counsel, filed numerous Motions between May and October 2014.  Following a hearing, the trial court denied the Motions.  On November 3, 2014, Merritt entered a guilty plea on the charge of PWID.  In exchange for the guilty plea, the charge of criminal use of a communication facility was withdrawn.  Merritt waived a presentence investigation and was immediately sentenced to 14 to 28 months in prison.

Merritt, *pro se*, filed a "Motion to set the Verdict Aside – To Stay Until the Decision is Final from Appeal and to Appeal as of Right," including a handwritten form Petition under the Post-Conviction Relief Act ("PCRA").[1] The trial court treated the Motion, which was dated November 6, 2014,[2] as a timely post-sentence Motion under Pa.R.Crim.P. 720. On January 13, 2015, Merritt's appointed counsel prepared a document entitled "Amended PCRA Petition," restating the issues raised in Merritt's *pro se* filing. Based upon the procedural posture of the matter and the fact that the trial court had not decided the Post-Sentence Motion,[3] the trial court treated the "Amended PCRA Petition" as part of the timely filed post-sentence Motion. **See** Trial Court Opinion, 2/19/15, at 3-4. Following a hearing, the trial court denied the post-sentence Motion. Merritt filed a timely, counseled Notice of Appeal.

On appeal, Merritt raises the following question for our review: "Whether the [trial] court erred by finding [Merritt's] plea was knowing[ly,] voluntar[ily,] and intelligently made[,] where [Merritt] indicated he was coerced?" Brief for Appellant at 6.

It is well settled that "to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered." **Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted). "There is no absolute right

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The Motion was docketed on November 25, 2014.

[3] **See** Pa.R.Crim.P. 720(B)(3)(a).

to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). "A defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation and quotation marks omitted). Additionally, "[a] defendant's disappointment in the sentence imposed does not constitute manifest injustice." *Pollard*, 832 A.2d at 522 (quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Bedell*, 954 A.2d at 1212; *see also* Pa.R.Crim.P. 590, cmt (setting forth the areas for inquiry during the guilty plea colloquy). "[N]othing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Bedell*, 954 A.2d at 1212-13 (citation omitted). Further, "the totality of the circumstances surrounding the plea" must be examined. *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*).

Merritt asserts that because he indicated on the written plea agreement that additional promises were made to him outside of the plea agreement, and he made a notation next to his signature on the final page of the written plea agreement, his plea was not voluntary, knowing, or intelligent. Brief for Appellant at 11-12. Merritt asserts that during the plea colloquy, he felt rushed and that he did not want to give up his rights. *Id.* at 12. However, during the colloquy, Merritt acknowledged that he was satisfied with his attorney's representation and that he was voluntarily pleading guilty. N.T., 11/3/14, at 3, 5.

In his written guilty plea colloquy, Merritt stated affirmatively that he understood the nature of charges to which he was pleading guilty; he committed the crime to which he was pleading guilty; he understood that he had an absolute right to trial by jury; he understood he is presumed innocent until proven guilty; he was informed of the maximum range of

sentences and/or fines that could be imposed; and that the trial court is not bound by the terms of the plea agreement until the court accepts such plea agreement. Written Guilty Plea Colloquy, 11/3/14, at 5-8. During the oral colloquy, Merritt confirmed the statements he made in the written guilty plea colloquy. N.T., 11/3/14, at 2-5, 7.

Considering the totality of the circumstances, the record reflects that Merritt voluntarily, knowingly, and intelligently tendered his guilty plea. ***See Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."). While Merritt asserted in his post-sentence Motion that he was coerced into entering his plea, N.T., 2/6/15, at 7, Merritt's own statements during the colloquies indicate that Merritt tendered his guilty plea under his own volition. Indeed, Merritt's plea counsel testified that Merritt had called him from prison and stated that he wished to enter a guilty plea. ***Id.*** at 37. Additionally, Merritt's plea counsel stated that he was ready for trial if Merritt had decided not to enter into the plea agreement. ***Id.*** at 35. Further, nothing in the record supports Merritt's claim that additional promises were made to Merritt. Therefore, the record does not support Merritt's contention that manifest injustice will occur if his guilty plea is allowed to stand.

Finally, to the extent Merritt claims ineffective assistance of counsel, we conclude that Merritt should raise such claims in a timely PCRA petition. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (stating that "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."). Therefore, this Court will not address Merritt's ineffectiveness of counsel claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2015