**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Alvin BEDELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 2008.

Filed July 28, 2008.

Lorriane M. Ramunno, Media, for appellant.

William R. Toal, III, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: STEVENS, MUSMANNO and HUDOCK, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Alvin Bedell ("Bedell") appeals from the trial court's denial of his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa. C.S.A. §§ 9541–46. We affirm.

¶ 2 On December 7, 2005, at a SEPTA station at Garrett Road and Lansdowne Avenue, Bedell snatched a wallet from the victim's hand and fled. The victim was using the wallet to support a note that he was writing. Following the theft, the victim chased and caught up to Bedell who then threw the wallet back to the victim. Upon inspecting the wallet, the victim realized that Bedell had removed forty dollars from his wallet. The victim resumed his

chase and after finding Bedell again, notified the police of his whereabouts. Officer Edward Silberstein arrived at the scene and the victim informed him of Bedell's presence at the scene. Officer Silberstein and the victim approached Bedell, who removed forty dollars from his person, handed it to the victim and stated "Here ... we're cool, right?" The police arrested Bedell. The Commonwealth charged Bedell with Robbery, Theft by Unlawful Taking, Receiving Stolen Property, Simple Assault and Harassment.

¶ 3 On May 8, 2006, Bedell entered a guilty plea to the charge of Robbery pursuant to 18 Pa.C.S.A. section 3701(a)(1)(v). Bedell stipulated to the Affidavit of probable cause as the factual basis to support the robbery charge. The Honorable Joseph P. Cronin, Jr., conducted an oral colloquy and reviewed the written guilty plea statement with Bedell. Judge Cronin subsequently accepted the guilty plea and sentenced Bedell to 7½ to 23 months in prison.[1] Bedell did not file a direct appeal.

¶ 4 On November 6, 2006, Bedell filed a PCRA Petition seeking to withdraw his guilty plea on the ground that he entered into the plea unknowingly. Judge Cronin conducted an evidentiary hearing, after which he denied Bedell relief.

¶ 5 Bedell appeals, raising the following questions for our review:

I. Whether trial counsel was ineffective for failing to fully advise [Bedell] that he had a valid defense to robbery as charged thereby inducing [Bedell] to involuntarily, unknowingly and unintelligently tender a guilty plea to a crime [for] which there was no factual basis that he committed a robbery?

II. Whether [Bedell] ... receive[d] effective assistance of counsel since his trial counsel did not ensure that [Bedell] entered into a knowing and understanding plea since the plea colloquy was defective[?]

Brief for Appellant at 4 (capitalization omitted).

¶ 6 "An appellate court's review of an order denying post conviction relief is limited to examining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free from legal error." *Commonwealth v. Padden*, 783 A.2d 299, 309 (Pa.Super.2001). "We will not disturb findings of the PCRA court that are supported by the certified record." *Id.*

¶ 7 In each of his contentions, Bedell argues that his guilty plea was unknowingly given because he received ineffective assistance of counsel. To succeed on an ineffectiveness claim, Bedell must demonstrate by the preponderance of the evidence that

(1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Lambert*, 568 Pa. 346, 797 A.2d 232, 243 (2001). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Bryant*, 579 Pa. 119, 855 A.2d 726, 736 (2004). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Com-*

---

**1.** Bedell is currently on parole, but is incarcerated as a result of possible deportation due to the robbery conviction.

*monwealth v. Zook,* 585 Pa. 11, 887 A.2d 1218, 1227 (2005).

¶ 8 "A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super.2002). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" *Commonwealth v. Diaz,* 913 A.2d 871, 873 (Pa.Super.2006) (citation omitted). Instead, "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Morrison,* 878 A.2d 102, 105 (Pa.Super.2005). "The voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch,* 820 A.2d 728, 732 (Pa.Super.2003) (citation omitted). Therefore, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 587 (1999).

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Pollard,* 832 A.2d 517, 522 (Pa.Super.2003) (citations and quotation marks omitted).

¶ 9 In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* at 522–23; *see also* Pa. R.Crim.P. 590. "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis,* 708 A.2d 497, 501 (Pa.Super.1998). "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork,* 737 A.2d 789, 790 (Pa.Super.1999) (citation and internal brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, . . . a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan,* 578 Pa. 587, 854 A.2d 489, 513 (2004) (citation and internal quotation marks omitted). Furthermore, nothing in the rule precludes the supplementation of

the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. *Commonwealth v. Morrison,* 878 A.2d 102, 108 (Pa.Super.2005).

¶ 10 In his first claim on appeal, Bedell contends that his plea was unknowing because there was no factual basis for his guilty plea. Brief for Appellant at 9. Specifically, Bedell argues that the facts did not support a conviction of robbery. *Id.*

¶ 11 The Crimes Code defines the relevant robbery statute as follows: "A person is guilty of robbery if, in the course of committing a theft, he ... physically takes or removes property from the person of another **by force however slight.**" 18 Pa.C.S.A. § 3701(a)(1)(v) (emphasis added). "Any amount of force applied to a person while committing a theft brings that act within the scope of [the] robbery ... statute." *Commonwealth v. Duffey,* 519 Pa. 348, 548 A.2d 1178, 1182 (1988). "This force may be actual or constructive. Actual force is applied to the body; constructive force is use of threatening words or gestures, and operates on the mind." *Id.* "The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." *Commonwealth v. Brown,* 506 Pa. 169, 484 A.2d 738, 741 (1984).

¶ 12 Here, Bedell argues that there was no struggle between the victim and himself and he did not use or threaten any force other than the force necessary to actually remove the wallet. Brief for Appellant at 10–11, 15. Bedell asserts that because he did not use any force against the victim, there was no factual basis for the plea and his counsel unlawfully induced him to plead guilty to a crime he did not commit. *Id.* at 11–12. The Commonwealth argues that the facts of the case support a convic-

tion under section 3701(a)(1)(v) because there was some force applied in taking the wallet and the victim was aware of the taking and the force used to do so. Brief for the Commonwealth at 15, 21. The Commonwealth asserts that "where the victim is aware of the force used to deprive him of property which is on his person, such crimes have consistently been ruled to be Robberies." *Id.* at 21. While our Supreme Court has not addressed this specific issue, we agree with the Commonwealth's reasoning and conclude that there was a factual basis for the crime of robbery as defined by section 3701(a)(1)(v) and the prevailing case law. Specifically, our Courts have distinguished between cases where a person is able to remove property from a victim by stealth and those cases where the victim is aware of the removal and any force required to do so in determining whether the evidence is sufficient to support a robbery conviction under section 3701(a)(1)(v).

¶ 13 In *Brown, supra,* the defendant, who grabbed a purse hanging off of the victim's arm and ran away with it, was convicted of robbery under section 3701(a)(1)(v). *Brown,* 484 A.2d at 740. Our Supreme Court affirmed the conviction stating the following:

The force used in taking the purse from the victim's arm was a harmful touching of the person, accompanied with sufficient force to compel the victim to part with the conscious control of her property, and supports a robbery conviction under § 3701. *This conduct substantially differs from the case of the thief who merely takes the property of another with intent permanently to deprive him thereof, using no force or threat of force on the victim—like the pickpocket.... Such conduct is nonviolent, poses no threat to the victim who is unaware of the taking, and is accordingly graded*

*less severely than robbery. A victim who is aware of the taking of property from his person is apt to reflex action to protect himself and his property and thus may be injured by the felon.*

For this reason, robbery has always been considered a greater harm against society because violence is caused or threatened. The ordinary citizen has the right to go about his way free from the fear of attack to his person from those who would deprive him of control over his goods. That right is violated even by the slight tug on the arm by the purse thief who must use force to wrench the purse from the arm of the victim without regard to her safety. Accordingly, we find that the evidence was sufficient to establish robbery under § 3701(a)(1)(v).

*Brown,* 484 A.2d at 742 (emphasis added); *see also Commonwealth v. Jones,* 771 A.2d 796, 799 (Pa.Super.2001) (stating that "[t]here may be no force directed at the purse-snatch victim; indeed, the snatcher may not look at the victim …, but the taking is still forcible.").[2]

¶ 14 In *Commonwealth v. McNair,* 376 Pa.Super. 604, 546 A.2d 688 (1988), the defendant was convicted of robbery under section 3701(a)(1)(v) when he and two other men, dressed in hooded sweatshirts, sunglasses and bandannas, ran towards the victim, who in response, held out her purse hoping the men would take it and not physically harm her. *McNair,* 546 A.2d at 689. Our Court concluded that

such evidence was sufficient to establish the crime of robbery because the defendant's conduct placed the victim in reasonable apprehension of harm thereby establishing the element of constructive force. *Id.* at 690.

¶ 15 By way of contrast, in *Commonwealth v. Smith,* 333 Pa.Super. 155, 481 A.2d 1352 (1984), the defendant was convicted of robbery under section 3701(a)(1)(v) after removing a pack of cigarettes from the pocket of a blind person who was unaware of the removal. *Smith,* 481 A.2d at 1353. Our Court reversed the robbery conviction, concluding that the evidence was insufficient to support conviction because the defendant removed the property by stealth and not by force. *Id.* at 1353–55. Our Court found support for its determination in the plain language of the statute:

> Construing the phrase "force however slight" to exclude a taking by stealth alone is consistent with this purpose because a taking by stealth alone is not as likely to result in injury to the victim as a taking by "force"; for "however slight" the force may be, the victim may be prompted by it to resist, and injury may ensue. In recognition of this possibility, § 3701(a)(1)(v) has as its special purpose that greater punishment should be inflicted on those who use "force however slight" than on those who by resort to stealth void the use of force.

*Smith,* 481 A.2d at 1355.

¶ 16 In *Commonwealth v. Windell,* 365 Pa.Super. 392, 529 A.2d 1115 (1987), the

**2.** In *Jones,* the defendant was charged with robbery of a motor vehicle under 18 Pa.C.S.A. section 3702(a), which required the Commonwealth to prove, among other elements, that "the taking must be accomplished by the use of force, intimidation or the inducement of fear in the victim." *Jones,* 771 A.2d at 798. There, the defendant, as he was being chased by the police, jumped into a pickup truck with the owner standing in the back of the truck.

*Id.* at 797. The owner yelled at the defendant but the defendant drove the truck away with the owner in the back. *Id.* Our Court determined that the facts demonstrated that the defendant used force in committing the robbery as the victim was aware of the force, and because the defendant did not take possession by consent, by stealth, or by discovering an abandoned truck. *Id.* at 799.

defendant was convicted of robbery under section 3701(a)(1)(v) after removing a coin purse from the victim's person without the victim's knowledge. *Windell,* 529 A.2d at 1115–16. Our Court, relying upon the reasoning in *Smith,* concluded that the evidence was insufficient to support the robbery conviction because the crime was conducted by stealth and the only force shown was "the force needed to take and carry away another person's property." *Windell,* 529 A.2d at 1117.

¶ 17 In *Commonwealth v. Williams,* 379 Pa.Super. 538, 550 A.2d 579 (1988), the defendant was convicted of robbery under section 3701(a)(1)(v) after rolling an intoxicated, unconscious person and removing his wallet. 550 A.2d at 580. Relying upon the reasoning in *Smith* and *Windell,* our Court reversed the conviction, concluding that because the victim was not aware of the force utilized to take the property, the defendant could not be convicted of robbery. *See Williams,* 550 A.2d at 582 (stating that "[i]f the victim in this case had been aware of this force, a robbery conviction might have stood based upon the possible distinction between the force used to roll the victim over, and the force used to remove the wallet.").

¶ 18 Here, Bedell took the wallet out of the victim's hand and ran away with it. The victim was fully aware of the taking, which had been accomplished with some force, however slight. Based upon the foregoing case law, we conclude that Bedell used force to take the wallet and therefore, there was a factual basis for the guilty plea. *See Brown,* 484 A.2d at 742; *Commonwealth v. Ostolaza,* 267 Pa.Super. 451, 406 A.2d 1128, 1130–31 (1979) (stating *in dicta* that defendant who grabbed a wallet out of the victim's hand resulting in a brief tug-of-war for the wallet could have been charged and convicted of robbery under section 3701(a)(1)(v)); *see generally Jones,* 771 A.2d at 799.[3]

¶ 19 In his first claim, Bedell also raises an argument related to his counsel's statement that Bedell had pushed the victim upon returning the money he had stolen. Brief for Appellant at 21. While Bedell disputes counsel's statement, he does not explain how this statement is relevant to his claim on appeal that there was no factual basis for his plea. *See id.* (acknowledging that his alleged pushing of the victim when returning the wallet is irrelevant "since he did not push the victim in an effort to use force to gain control of the victim's property."). Therefore, we

---

**3.** We note that other jurisdictions are split as to this specific issue. *Compare State v. Curley,* 123 N.M. 295, 939 P.2d 1103, 1105 (1997) (holding that "when property is attached to the person or clothing of a victim so as to cause resistance, any taking is a robbery, and not larceny, because the lever that causes the victim to part with the property is the force that is applied to break that resistance; however, when no more force is used than would be necessary to remove property from a person who does not resist, then the offense is larceny, and not robbery."); *id.* at 1106 (quoting W. LaFave & A. Scott, Jr., Substantive Criminal Law § 8.11(d)(1) at 445–46 (2d ed.1986)) (stating that "there is not sufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking."); *State v. Aldershof,* 220 Kan. 798, 556 P.2d 371, 376 (1976) (stating that taking of purse off of the victim's lap did not constitute robbery); *with Commonwealth v. Jones,* 362 Mass. 83, 283 N.E.2d 840, 844 (1972) (stating that if a victim is aware of an application of force in taking their property, the taking was against the victim's will and constitutes a robbery). *See also* 42 A.L.R.3d 1381 (comparing the jurisdictions that find that the mere snatching of property from a person does not in itself involve such force, violence, or putting a victim in fear to constitute robbery and those jurisdictions that find the snatching of property to constitute robbery).

conclude that this argument is without merit.

 ¶ 20 Bedell further argues that his counsel never discussed potential defenses with him. *Id.* We deem this argument without arguable merit. Bedell indicated in his written plea colloquy that his counsel discussed potential defenses with him. Written Plea Colloquy, 5/8/06, at 2 ¶ 3. *See Morrison,* 878 A.2d at 108 (stating that a written plea colloquy can supplement an oral colloquy in demonstrating a voluntary plea). Further, as we noted above, there was a factual basis for the plea; therefore, counsel was not ineffective for failing to provide a defense to the crime of robbery. Based upon the foregoing, we conclude Bedell's first contention is without merit and counsel was not ineffective.

¶ 21 In his second claim, Bedell contends that his counsel was ineffective for failing to object to the defective plea colloquy. Brief for Appellant at 23. Bedell argues that his plea was unknowing because of the defective colloquy. *Id.* Specifically, Bedell asserts that the trial court's recitation of the rights that he would be foregoing by pleading guilty was confusing and that counsel did not ascertain whether he understood the rights that he was waiving. *Id.* at 24.

¶ 22 We deem this claim waived for the purposes of this appeal because Bedell did not specifically raise an issue related to the colloquy in his PCRA Petition. Indeed, Bedell only raised claims related to the factual basis of the robbery conviction in the Petition. As this claim was never raised before the PCRA court, it cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Edmiston,* 578 Pa. 284, 851 A.2d 883, 889 (2004) (reiterating that "[c]laims not raised in the PCRA court are waived and cannot be raised for the first time on appeal[.]").[4]

¶ 23 Order affirmed.

---

**4.** Even if we reviewed Bedell's argument on appeal, we would conclude that it is without merit. A review of the totality of the circumstances surrounding the plea including the written plea colloquy and the oral colloquy indicates that Bedell knew the implications and rights he was waiving in pleading guilty to robbery. Accordingly, the plea was knowingly given. *See Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 588–89 (1999) (stating that a court may consider the totality of the circumstances to determine the defendant's actual knowledge of the implications and rights associated with a guilty plea).