J-S37039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASLY FRANKLIN DIAZ | |
| Appellant | No. 3023 EDA 2014 |

Appeal from the PCRA Order September 23, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002797-2012

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 23, 2015**

Asly Franklin Diaz appeals from the order of the Court of Common Pleas of Lehigh County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

On November 27, 2012, Diaz entered an open plea of guilty to one count each of robbery and criminal conspiracy. The Commonwealth agreed only that Diaz' sentences would run concurrently to each other. On January 9, 2013, the trial court sentenced Diaz to concurrent terms of nine to twenty years' imprisonment. Diaz filed a motion for reconsideration of sentence, which the trial court denied on March 25, 2013. Diaz did not file a direct appeal.

On June 7, 2013, Diaz filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on April 7, 2014, in which Diaz claimed that counsel's ineffectiveness caused him to enter an involuntary guilty plea. A hearing was held on June 18, 2014, at which Diaz and his plea counsel, David Ritter, Esquire, testified. By order dated September 23, 2014, the court dismissed Diaz' PCRA petition. This timely appeal followed, in which Diaz raises the following issues for our review:

> Did the [PCRA] court err in finding that trial counsel was not ineffective and that [Diaz'] plea was knowing and voluntary for the following reasons:
>
> A. The attorney failed to supply an interpreter to [Diaz] when he consulted with him in prison;
>
> B. The attorney failed to take into consideration [Diaz'] mental illness . . .; [and]
>
> C. The attorney coerced [Diaz] into pleading guilty by telling him he would receive a 3 to 6 year sentence.

Brief of Appellant, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

- 2 -

Diaz' claims all raise issues of ineffectiveness of counsel.  To establish counsel's ineffectiveness, a petitioner must demonstrate:  (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner.  *See Commonwealth v. Burno*, 94 A.3d 956, 964 n.5 (Pa. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984).

> A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim.  The burden of proving ineffectiveness rests with Appellant.  To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct.  Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Rega*, 933 A.2d 997, 1019 (Pa. 2007).

Diaz asserts that he entered an involuntary plea.  In order to determine whether a defendant entered a plea knowingly, intentionally and voluntarily, we must examine the plea colloquy.  At a minimum, a plea colloquy must inform a defendant of:  (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to be tried by a jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the fact that the judge is not bound by the terms of any plea agreement. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).  The adequacy of the plea colloquy and the voluntariness of the resulting plea must be ascertained based on the totality of the circumstances surrounding the entry of the plea. *Commonwealth v. Muhammad*, 794 A.2d 378, 383-

84 (Pa. Super. 2002). During the course of a plea colloquy, a defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007).

Here, Diaz claims that counsel was ineffective for failing to supply an interpreter when he met with Diaz in prison to discuss the case.[1] He also believes Attorney Ritter coerced him into pleading guilty by telling him he would receive a sentence of either 3 to 6 or 4 to 10 years. These claims are meritless.

At the PCRA hearing, Attorney Ritter testified that he met with Diaz in prison on multiple occasions. He stated that, although "[i]t was obvious that [Diaz'] primary language was Spanish, . . . I had no trouble communicating with him in English." N.T. PCRA Hearing, 6/18/14, at 31. He testified that Diaz was able to provide him with a life history and that they discussed the various stages of Diaz' case, his options, the applicable sentencing range, and the concept of an open plea. Attorney Ritter stated that he returned to the prison to speak to Diaz on multiple occasions, which he would not have done had he been unable to communicate with him. Attorney Ritter also testified that, although Diaz repeatedly told him that he wanted a minimum sentence of two or three years, Attorney Ritter informed him "that was going

---

[1] Diaz is a native Spanish speaker and claims that he has limited knowledge of English.

to be a tough objective." *Id.* at 37. Finally, Attorney Ritter confirmed that Diaz appeared to understand that he could face a sentence of 10 to 20 years under the plea agreement. The PCRA court found Attorney Ritter's testimony to be credible.

Diaz also asserts that counsel failed to take into consideration his alleged mental illness. This claim is belied by the record. First, we note that Diaz has presented no evidence that he suffers from any mental illness that might affect his ability to understand his plea.[2] More importantly, even though Diaz never raised any mental health issues with Attorney Ritter during their conversations, *id.* at 34, Attorney Ritter requested a pre-sentencing psychological evaluation, because he noted that Diaz had "a very flat affect and monotone speech," *id.*, which caused him some concern.[3]

Finally, prior to entering his plea, Diaz completed a written plea colloquy that was printed in English and Spanish. At his guilty plea hearing, the trial court engaged him in a lengthy and detailed colloquy, which was conducted through an interpreter. The court apprised Diaz of the charges,

---

[2] Diaz stated during his plea colloquy that he was being treated in prison for depression.

[3] The psychiatric evaluation concluded that Diaz' cognitive functions were intact, his thought processes were "a bit slow," he had no abnormality in thought content or perceptual problems, he was of average intelligence and his insight and judgment appeared poor. *See* Psychiatric Evaluation, 12/9/12, at 2. The evaluator, Dr. Sreenivasa Rao Pinnamaneni, recommended, *inter alia*, a psychotropic medication evaluation and individual and group therapy for anger management.

maximum sentences and fines he was facing and confirmed that Diaz understood the terms of his plea agreement. Counsel for the Commonwealth asked Diaz if he understood that the sentence was up to the judge, and Diaz affirmed that he did and that he understood that the only part of the plea agreement that was binding was the concurrency of his sentences.

Diaz also indicated that he had read the written plea colloquy, gone over it with Attorney Ritter, understood the questions, and answered them truthfully. Diaz confirmed for the court that he was "a little" fluent in English, N.T. Guilty Plea, 11/27/12, at 9, and that he had no physical or mental problems that would affect his ability to understand his plea. *Id.* at 10. The trial court confirmed that Diaz understood the elements of the crimes and counsel for the Commonwealth recited the factual basis for Diaz' plea. Diaz admitted to the crimes. *Id.* at 19. He also confirmed that no one had promised him anything in exchange for his plea, *id.*, that he was pleading guilty of his own free will, *id.* at 20, and that he was satisfied with the services of Attorney Ritter. *Id.*

Here, Diaz' claim that he entered an involuntary plea are clearly belied by his statements made under oath, as well as the trial court's thorough and comprehensive written and oral plea colloquies. Diaz cannot prevail on an ineffectiveness claim simply because he did not receive the sentence he had hoped to receive or believed he should have received based upon the

sentences received by his co-defendants. Accordingly, the PCRA court properly denied relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2015