J-S21025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAVIER HUMBERTO TORO | |
| Appellant | No. 752 EDA 2015 |

Appeal from the PCRA Order February 17, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001159-2013,
CP-39-CR-0004647-2012, CP-39-CR-0004650-2012,
CP-39-CR-0004656-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                 **FILED FEBRUARY 26, 2016**

Javier Humberto Toro[1] appeals from the order of the Court of Common

Pleas of Lehigh County dismissing his petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546.  After careful

review, we affirm.

On September 19, 2013, Toro entered an open plea of guilty to two

separate counts of robbery (F1), and one count each of theft by unlawful

taking, simple assault, disorderly conduct, and driving under suspension.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Portions of the trial court record refer to the appellant as "Javier Toro Delgado."  Our docket reflects his name as "Javier Humberto Toro" and that is the name used herein.

The Commonwealth agreed that Toro's sentences would run concurrently to one another. On November 4, 2013, the trial court sentenced Toro to concurrent terms of ten to twenty years' imprisonment on the robbery convictions, as well as concurrent terms of 1 to 2 years for theft by unlawful taking, 1 to 2 years for simple assault, and 90 days on the summary count of disorderly conduct. Toro filed a motion for reconsideration of sentence, which was denied on November 14, 2013. Toro did not file a direct appeal.

On October 31, 2014, Toro filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on December 24, 2014. Toro claimed that plea counsel's ineffectiveness caused him to enter an involuntary guilty plea. A hearing was held on February 6, 2015, at which Toro and his plea counsel, Steven Mills, Esquire, testified. By order dated February 17, 2015, the court dismissed Toro's PCRA petition. This timely appealed followed, in which Toro raises the following issue for our review:

> Whether the trial court erred in denying [Toro's] petition for post-conviction relief when credible testimony was presented indicating that [plea counsel] unlawfully induced [Toro] to plead guilty by promising him a five and one-half to eleven year sentence?

Brief of Appellant, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to

- 2 -

the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Toro's claim raises the ineffectiveness of counsel. To establish counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. *Commonwealth v. Burno*, 94 A.3d 956, 964 n.5 (Pa. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984).

> A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. The burden of proving ineffectiveness rests with the Appellant. To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Rega*, 933 A.2d 997, 1019 (Pa. 2007).

Toro asserts that he entered an involuntary plea. In order to determine whether a defendant entered a plea knowingly, intentionally, and voluntarily, we must examine the plea colloquy. At a minimum, a plea colloquy must inform a defendant of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to be tried by a jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the fact that the judge is not bound by the terms of any plea agreement. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). The adequacy of the plea colloquy and the voluntariness of the resulting plea must be ascertained based on the totality of the circumstances surrounding

the entry of the plea. ***Commonwealth v. Muhammad***, 794 A.2d 378, 383-84 (Pa. Super. 2002). During the course of a plea colloquy, a defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007).

Here, Toro claims that counsel was ineffective for coercing him to plead guilty based upon counsel's assurance that Toro would receive a sentence of five and a half to eleven years' incarceration. At the PCRA hearing, both Toro and his mother testified that counsel made this promise to them both on multiple occasions. Upon review of the record, Toro's claim is meritless.

At the PCRA hearing, Attorney Mills testified he informed Toro that the Commonwealth would request a sentence of seven years of incarceration and that the only agreement reached with the Commonwealth was that all sentences imposed would run concurrently. Attorney Mills also testified that he advised Toro as to the possible maximum sentence he could receive. Lastly, Attorney Mills stated that he did not discuss possible sentences with any of Toro's family members. The PCRA court credited Attorney Mills' testimony.

Moreover, our review of the sentencing proceedings indicates that Toro knowingly, intelligently, and voluntarily pled guilty. The court explained to Toro that there was no agreement as to the length of his sentence, other than they would run concurrently. Toro confirmed his

understanding of this. Toro also responded in the affirmative when asked if he was satisfied with Attorney Mills' work. The court recited the rights Toro would be giving up by entering a guilty plea and Toro indicated that he understood. He responded in the negative when asked if there were any promises made to him to coerce him to plead guilty. After listening to the facts as the district attorney stated them, Toro admitted committing each offense and agreed that the facts as stated by the assistant district attorney were accurate. Toro acknowledged the maximum penalties for the offenses to which he was pleading guilty. Lastly, Toro read and signed a written plea colloquy and acknowledged to the court that he understood the document. The court concluded that Toro's guilty plea was knowingly, intelligently, and voluntarily made. *Id.* at 23-24.

In sum, Toro's claim that he entered an involuntary plea is clearly belied by the testimony of plea counsel, Toro's own statements under oath, and the trial court's thorough and comprehensive written and oral plea colloquies. Toro cannot prevail on an ineffectiveness claim simply because he did not receive the sentence he had hoped to receive. Accordingly, the PCRA court properly denied relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2016