J. S82017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
               :      PENNSYLVANIA
               :
       v.         :
               :
ROBERTO DONES CRUZ,      :
               :
      Appellant     :   No. 447 MDA 2016

Appeal from the Judgment of Sentence March 15, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0004936-2015

BEFORE: OTT, DUBOW, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:        **FILED DECEMBER 23, 2016**

Appellant, Roberto Dones Cruz, appeals from the Judgment of Sentence of 18 to 60 months' incarceration entered by the Dauphin County Court of Common Pleas following his conviction by a jury of Robbery.[1] After careful review, we affirm.

The relevant facts, as gleaned from the trial court's June 22, 2016 Opinion and the certified record, are as follows. On July 16, 2015, Neida Melendez ("Melendez") withdrew $60 from a Western Union in Harrisburg, Pennsylvania. As Melendez left the store, she was clutching the $60 in her hand. Appellant, who observed Melendez enter and exit the Western Union while sitting on the steps outside, approached Melendez from behind.

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(v).

Appellant grabbed the $60 from Melendez's hand, touching her hand while forcibly removing the money and startling her. Appellant took the money and ran in the opposite direction.

Melendez specifically testified that Appellant physically grabbed her hand when taking the money out of her grip, and that she was aware of Appellant's actions. Melendez knew Appellant from the neighborhood as one of her grandson's friends.

On March 15, 2016, the jury convicted Appellant of Robbery (force however slight). The trial court immediately sentenced Appellant to a term of 18 to 60 months' incarceration.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

> Whether the evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that Appellant committed the crime of robbery where the Commonwealth failed to prove that Appellant removed property from the complaining witness (Neida Melendez-Reyes) utilizing force however slight.

Appellant's Brief at 4.

We review challenges to the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014).

The trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id*. at 40. Moreover, the trier of fact may base a conviction solely on circumstantial evidence. *Id*. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id*. at 39-40.

The Crimes Code defines Robbery, in relevant part as follows:

**§ 3701. Robbery**

**(a) Offense defined.—**
(1) A person is guilty of robbery if, in the course of committing a theft, he:

\* \* \*

(v) physically takes or removes property from the person of another by force however slight[.]

18 Pa.C.S. § 3701(a)(1)(v).

This Court has previously explained the contours of "force however slight" as follows:

Any amount of force applied to a person while committing a theft brings that act within the scope of the robbery statute. This force may be actual or constructive. Actual force is applied to the body; constructive force is use of threatening words or gestures, and operates on the mind. The degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on[,] or about his body.

\* \* \*

Specifically, our Courts have distinguished between cases where a person is able to remove property from a victim by stealth and those cases where the victim is aware of the removal and any

- 3 -

force required to do so in determining whether the evidence is sufficient to support a robbery conviction under section 3701(a)(1)(v).

***Commonwealth v. Bedell***, 954 A.2d 1209, 1213 (Pa. Super. 2008) (citation omitted).

The trial court addressed Appellant's sufficiency challenge in its Pa.R.A.P. 1925(a) Opinion as follows:

> In the instant matter, [Appellant] in the process of stealing [Melendez's] money literally grabbed the money out of her hand and then fled from the scene. Her testimony alone proved all of the requisite elements of robbery. As such, based on the evidence brought forth at trial, the Commonwealth met its burden on sufficiency of the evidence. The victim was fully aware that [Appellant] was taking her money. This evidence, which was found credible by the jury sitting as the finder of fact, together with the inferences therefrom, was sufficient to prove beyond a reasonable doubt that [Appellant] removed property from the person of another by force, however slight. Therefore, [Appellant's] action was sufficient to establish the crime of robbery.

Trial Court Opinion at 5-6. We agree with the trial court's assessment.

The victim was aware of Appellant's taking by forcibly grabbing the money from her hands. Appellant's actions did not constitute a theft by stealth falling outside the ambit of Section 3701(a)(1)(v). Appellant's arguments to the contrary are unavailing. Appellant essentially asks us to view the evidence in the light most favorable to Appellant, which is improper under our standard of review.

Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth

proved each element of the offense. Appellant's sufficiency challenge, thus, fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2016