J-S44040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LORENZO LAMONT COX, | : | |
| | : | |
| Appellant | : | No. 895 EDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s): CP-46-CR-0001840-2015

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 28, 2017**

Lorenzo Lamont Cox ("Cox") appeals, *pro se,* from the judgment of sentence imposed following his guilty plea to aggravated assault.[1]  We affirm.

On March 13, 2015, Cox was charged with committing various crimes, including rape, against his wife.  On February 22, 2016, Cox entered a negotiated guilty plea to aggravated assault in exchange for a sentence of time served to 23 months in county jail followed by five years' probation. The trial court accepted Cox's guilty plea, imposed the negotiated sentence, and immediately paroled Cox.  The trial court additionally ordered Cox to have no harassing or offensive contact with his wife.[2]

---

[1] 18 Pa.C.S.A. § 2702(a)(4).

[2] Cox violated his parole by having contact with his wife two days after his release from prison.  ***See*** Trial Court Opinion, 7/7/16, at 3 n.2.

Cox then filed a timely *pro se* Notice of Appeal. Thereafter, the trial court granted the Motion to Withdraw filed by Cox's counsel. After conducting a **Grazier**[3] hearing, the trial court granted Cox permission to proceed *pro se*. Cox then filed his court-ordered Pa.R.A.P. 1925(b) Concise Statement, raising 11 issues.

Initially, Cox's brief on appeal does not meet the following requirements: Pa.R.A.P. 2111(a)(1) and 2114 (statement of jurisdiction); Pa.R.A.P. 2111(a)(2) and 2115(a) (order in question); Pa.R.A.P. 2111(a)(3) (statement of both the scope and standard of review); 2111(a)(4) and 2116 (statement of questions); 2111(a)(5) and 2117 (statement of the case); and Pa.R.A.P. 2111(a)(6) and 2118 (summary of the argument). However, despite these substantial defects, we decline to quash Cox's appeal. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (stating that "this court will liberally construe materials filed by a *pro se* litigant [.]").

To the extent Cox argues that his guilty plea was involuntarily entered, we note that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013); **see also** Pa.R.Crim.P. 1007. Here, Cox did not object or file a motion to

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

withdraw his guilty plea. Thus, he waived any claim regarding the voluntariness of his guilty plea. ***See Lincoln***, 72 A.3d at 611.

Even if Cox had preserved his claim, we would have concluded that it lacked merit. At the written and oral guilty plea colloquies, Cox stated that he understood the English language and was not under the influence of drugs or alcohol; the nature of the charges and the factual basis for the plea; that he was forgoing certain rights, including, *inter alia*, presumption of innocence, right to a jury trial, and all claims of procedural deficiencies and non-jurisdictional defects and defenses; no one had forced him to enter a plea of guilty, and he was pleased with counsel's representation; the judge was not bound by the terms of the plea agreement; and the permissible range of sentences and fines. ***See*** N.T., 2/22/16, at 29-33, 35-40, 43-44; Written Plea Colloquy, 2/22/16, at 2-9; ***see also Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008) (noting that a valid guilty plea must be knowingly and voluntarily entered and that trial courts are required to ask certain questions to ensure a voluntary plea). Based upon the foregoing, Cox's guilty plea was knowingly, voluntarily and intelligently entered. ***See Commonwealth v. Kelly***, 5 A.3d 370, 382 n.11 (Pa. Super. 2010) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted); ***Commonwealth v. Muhammed***, 794 A.2d 378, 384 (Pa. Super. 2002)

(stating that an appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty).

Cox also contests the effectiveness of his plea counsel. However, Cox must raise these claims in a timely filed collateral petition for review. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (stating "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.") Thus, we will not address Cox's ineffectiveness claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2017