J. S63033/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA
               v.            :
                                      :
ISAAC JONES,                   :         No. 486 WDA 2017
                                      :
          Appellant      :

Appeal from the PCRA Order, March 1, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0002961-2012

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      FILED NOVEMBER 13, 2017

Isaac Jones appeals from the March 1, 2017 order entered in the Court of Common Pleas of Allegheny County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We affirm.

The facts giving rise to appellant's convictions stem from appellant's shooting of the victim, Jaymah Hartage. The record reflects that appellant entered open guilty pleas in connection with that shooting to all elements of the following crimes, with the exception of the element of serious bodily injury: criminal attempt (murder); robbery (inflicts serious bodily injury); aggravated assault (attempts to cause serious bodily injury); and firearms

not to be carried without a license.[1]  Following entry of his guilty pleas, the trial court reviewed Mr. Hartage's medical records and determined that he suffered serious bodily injury, which raised the maximum sentence that appellant could have received on the criminal attempt conviction to 40 years of imprisonment.  (Notes of testimony, 10/16/12 at 12-14.)  Subsequently, however, the trial court sentenced appellant to 9 to 18 years of imprisonment on the criminal attempt conviction, together with a concurrent term of imprisonment of 2 to 4 years on the firearms violation.  The trial court imposed no further penalty on the remaining convictions.

The record reflects that appellant did not file a direct appeal, but filed a pro se PCRA petition on December 9, 2013.  The trial court appointed PCRA counsel, and PCRA counsel filed an amended petition.  The trial court conducted an evidentiary hearing on January 26, 2017.  By order dated February 28, 2017, but docketed on March 1, 2017, the trial court denied appellant's PCRA petition.  On March 28, 2017, appellant filed a notice of appeal to this court.  The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied.  The trial court then filed with this court the memorandum that it filed at the time that it entered its March 1, 2017 order denying appellant PCRA relief.

Appellant raises the following issue for our review:

---

[1] 18 Pa.C.S.A. §§ 901(a), 3701(a)(1), 2702(a)(1), and 6106, respectively.

> Was plea counsel ineffective in permitting Appellant to enter an unknowing plea where the plea was entered pursuant to a colloquy that failed to establish a factual basis for the plea?

Appellant's brief at 3.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." Commonwealth v. Sam, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. Commonwealth v. Pitts, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa.Super. 2014) (en banc). In contrast, we review the PCRA court's legal conclusions de novo. Id.

Appellant's issue asserts ineffective assistance of plea counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. Commonwealth v. Rollins, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. See Commonwealth v. Travaglia, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. Id. In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. See Rollins, 738 A.2d at 441;

Commonwealth v. (Charles) Pierce, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" See Rollins, 738 A.2d at 441 (quoting Travaglia, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. Commonwealth v. (Michael) Pierce, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); Commonwealth v. Basemore, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); Commonwealth v. Albrecht, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

Commonwealth v. Washington, 927 A.2d 586, 594 (Pa. 2007).

A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant

to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances

> surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

Commonwealth v. Bedell, 954 A.2d 1209, 1212-1213 (Pa.Super. 2008) (internal citations, brackets, ellipses, and quotation marks omitted).

Here, appellant focuses on the trial court's failure to provide a factual description of the Commonwealth's charges during the oral plea colloquy and claims that such a defect is enough to warrant withdrawal of his guilty pleas. In determining whether a defendant entered a knowing and voluntary plea, however, we are free to consider the totality of the circumstances surrounding that plea. Commonwealth v. Flanagan, 854 A.2d 489, 513 (Pa. 2004).

In this case, the record demonstrates that appellant read, completed, and signed an extensive written guilty plea form which the trial court incorporated into the record at the guilty plea hearing. (Docket #10, appellant's written and executed guilty plea -- explanation of defendant's rights, 10/16/12; notes of testimony, 10/16/12 at 10-11.) On that form, appellant affirmed, in writing, among other things, that (i) he discussed with his attorney the factual basis of each charged offense; (ii) he admitted that he committed the crimes and does not challenge or dispute the charges; (iii) he discussed with his attorney the maximum possible sentences that the trial court could impose; (iv) he understood that his plea must be voluntary

and his rights must be voluntarily, knowingly, and intelligently waived; (v) no one forced him to enter the plea and that he did so of his own free will; (vi) no threats were made to him to enter his plea; (vii) no one, including his attorney, promised him anything in exchange for the guilty plea; (viii) he was satisfied with the legal advice and legal representation of his attorney; (ix) his attorney went over the meaning of the terms of his guilty plea; and (x) he understood his rights. (Docket #10, appellant's written and executed guilty plea -- explanation of defendant's rights, 10/16/12.)

Additionally, during the on-the-record oral examination at the guilty plea hearing, the following exchange occurred:

> THE COURT: Okay. Do you fully and completely understand what we're doing?
>
> [APPELLANT]: Yes.
>
> . . . .
>
> THE COURT: All right. Sir, has anyone forced, threatened or coerced you in any way into making your guilty plea here today?
>
> [APPELLANT]: No, ma'am.
>
> THE COURT: And, sir, has anyone promised you anything in order to make this plea, with the exception of any offer extended by the Commonwealth?
>
> [APPELLANT]: No, ma'am.

Notes of testimony, 10/16/12 at 7-8.

At that point, the trial court set forth the charges against appellant, together with the maximum penalties that appellant faced. (Id. at 8-9.) Appellant acknowledged that he had discussed with his attorney and fully and completely understood the nature and elements of each charge and the maximum penalties associated with each charge. (Id. at 9-10.) The following then took place:

> THE COURT: Sir, you've completed for me a Guilty Plea - Explanation of Defendant's Rights form; is that correct?
>
> [APPELLANT]: Yes, ma'am.
>
> THE COURT: And, sir, did you complete this form with the advice, assistance and supervision of your attorney?
>
> [APPELLANT]: Yes, ma'am.
>
> THE COURT: And, sir, did you answer all of the questions in this form truthfully and honestly?
>
> [APPELLANT]: Yes, ma'am.
>
> THE COURT: It's indicated by your signature, sir, on page 11 of this form that you've read and understood each question. Is that, in fact, true, sir?
>
> [APPELLANT]: Yes, ma'am.

Id. at 10-11.

Following appellant's acknowledgement of his signature on page 11 of the written guilty plea colloquy, the trial court incorporated that plea into the record. (Id. at 11.) Appellant then confirmed that he was pleading guilty to the charges because he is, in fact, guilty. (Id.)

In viewing the totality of the circumstances surrounding appellant's guilty plea in the light most favorable to the Commonwealth, the record demonstrates that appellant entered a voluntary, knowing, and intelligent plea. Consequently, appellant has failed to establish plea counsel's ineffectiveness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017