J-S32036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                             :
          v.                 :
                             :
                             :
                             :
ROBERT ALFRED PETRILL        :
                             :
          Appellant          :  No. 1326 WDA 2020

Appeal from the Judgment of Sentence Entered August 3, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
           at No(s):  CP-65-CR-0003650-2017

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED:  December 7, 2021**

Robert Alfred Petrill ("Petrill") appeals from the judgment of sentence imposed following his guilty plea to eight counts of indecent assault and two counts of corruption of minors.[1]  We affirm.

Petrill was charged with the above-mentioned offenses following reported sexual contact with two minors.  On August 3, 2020, Petrill entered a negotiated guilty plea[2] to all of the charges.  The trial court sentenced Petrill,

_____

[1] **See** 18 Pa.C.S.A. §§ 3126(a)(1) (without consent), (a)(2) (forcible compulsion), (a)(6) (complainant with mental disability), (a)(8) (complainant less than 16 years of age); 6301(a)(1)(ii).

[2] The written Guilty Plea Petition identifies the plea as a general guilty plea. **See** Guilty Plea Petition, 8/3/20, at 3.  Indeed, at the start of the hearing, the parties discussed a general guilty plea.  **See** N.T. (Guilty Plea), 8/3/20, at 2-15.  However, the parties took a break during the hearing to negotiate a sentence.  **See id.** at 15, 19.

pursuant to the plea agreement, to an aggregate term of 6½ to 14 years in prison, followed by 15 years of probation. The trial court ordered Petrill to undergo an evaluation pursuant to the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.42,[3] and comply with registration requirements. The trial court also directed Petrill to comply with sex offender conditions, and to have no contact with the victims, the victims' family members, or any minor children.

On August 21, 2020, Petrill sought permission to file a post-sentence motion, *nunc pro tunc*, and a Motion to Withdraw Guilty Plea. The trial court granted Petrill permission to file his Motion to Withdraw Guilty Plea, *nunc pro tunc*. Following a hearing, the trial court denied Petrill's Motion to Withdraw Guilty Plea. Petrill subsequently filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Petrill now raises the following issue for our review: "Did the trial court abuse [its] discretion in determining that [Petrill] entered a knowing and voluntary guilty plea in this case, free of undue influence, confusion and pressure?" Brief for Appellant at 5.

Petrill claims that he was hesitant to enter a guilty plea, and entered a plea after having only 19 minutes to discuss and review the Written Guilty

---

[3] Petrill additionally completed a SORNA colloquy. The remaining SORNA proceedings were bifurcated.

Plea Colloquy with defense counsel. *Id.* at 10. According to Petrill, "[a]t one point during the court's colloquy…, he began to ask a question but was silenced by defense counsel." *Id.* Petrill points to his testimony from the Motion to Withdraw hearing, during which he indicated that he felt pressured to enter the plea, and confused about whether entering a plea was in his best interest. *Id.* at 10-13. Additionally, Petrill argues that, at the time of the guilty plea, he was taking medication for depression, bipolar disorder and anxiety, and that the medication affected his ability to enter a knowing and voluntary plea. *Id.* at 14 & n.2.

> It is well[ ]settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. … [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny[,] since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (footnote, citations and quotation marks omitted); *see also Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (stating that, "to be valid, a guilty

plea must be knowingly, voluntarily and intelligently entered." (citation omitted)).

In order to ensure that a plea is knowingly, voluntarily and intelligently entered, the trial court must, at a minimum, ask the defendant the following questions:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is he defendant aware of the permissible range or sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Hart*, 174 A.3d at 667 (citing Pa.R.Crim.P. 590 cmt.) (emphasis omitted).

"The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Bedell*, 954 A.2d at 1212 (citation omitted).

Further,

[t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert

grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).

The trial court concluded, and the record confirms, that Petrill entered a knowing, voluntary and intelligent plea. ***See*** Trial Court Opinion, 12/28/20, at 4-6. Petrill completed a full written Guilty Plea Petition with his counsel, which the trial court supplemented with an oral colloquy. ***See Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005) (stating that a written colloquy that is made part of the record during plea proceedings may be supplemented by on-the-record oral examination). In the Guilty Plea Petition, which included a full written colloquy, Petrill acknowledged that he had reviewed the nature of the charges with his counsel; he understood that he had a right to a trial by jury and that he was presumed innocent until found guilty; he was aware of the permissible ranges of sentences and maximum possible sentences for the offenses charged; he was satisfied with the advice of counsel; and he understood that the trial court was not bound by the terms of the plea agreement. Guilty Plea Petition, 8/3/20, at 1-3. Petrill also stated that he was pleading guilty because it was "in [his] best interests." ***Id.*** at 4. Additionally, during the oral colloquy, Petrill confirmed that he had sufficient time to review the Guilty Plea Petition with his counsel; he understood his trial and appellate rights; and he could read, write and understand the English language. N.T. (Guilty Plea), 8/3/20, at 25-26. The trial court subsequently

reviewed with Petrill each of the charged offenses, including the maximum penalties and fines for each. *See id.* at 26-32. The trial court asked Petrill whether any threats or promises had been made to induce his guilty plea, and Petrill replied that he had not been threatened, and that pleading guilty was in his best interest. *Id.* at 32.

Regarding his mental health concerns, Petrill specifically indicated that his mental health was satisfactory at that time. Guilty Plea Petition, 8/3/20, at 4. Petrill also identified medications he was taking at that time, but did not indicate that those medications in any way interfere with his ability to understand the proceedings. *Id.* Further, during the oral colloquy, the trial court specifically asked Petrill whether he was under the influence of any drugs or alcohol that would affect his ability to understand the proceedings, and Petrill replied in the negative. N.T. (Guilty Plea), 8/3/20, at 26. Though Petrill now asserts that he was confused, and under the influence of medications at the time of the plea proceedings, he is bound by the statements he made during the hearing. *See Yeomans*, *supra*. Based upon the foregoing, we conclude that Petrill's guilty plea was knowingly, voluntarily and intelligently entered.

Judgment of sentence affirmed.

Judgment Entered.

- 6 -

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/7/2021</u>