J-S28020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY MARTIN | |
| Appellant | No. 2177 EDA 2015 |

Appeal from the PCRA Order July 14, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1302354-2006

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED MAY 03, 2016**

Troy Martin appeals from the order entered in the Court of Common Pleas of Philadelphia County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] After careful review, we affirm.

On April 11, 2008, Martin entered a negotiated guilty plea to robbery, aggravated assault, and possession of an instrument of crime (PIC). Pursuant to the terms of his negotiated guilty plea, the trial court sentenced him to an aggregate term of ten to thirty years' incarceration.

Martin filed a notice of appeal on April 16, 2008. On April 30, 2008, the trial court ordered Martin to file a concise statement of errors

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Because Martin failed to file a Rule 1925(b) statement, the trial court filed an opinion on July 24, 2008, indicating that Martin had waived any claims on appeal. On October 7, 2008, this Court dismissed Martin's appeal for failure to file a brief.

Following the reinstatement of Martin's appellate rights *nunc pro tunc*, he filed a timely notice of appeal and a Rule 1925(b) statement alleging several errors by the trial court. The trial court filed an opinion addressing Martin's asserted errors on March 2, 2010. This Court affirmed Martin's judgment of sentence on January 21, 2011. ***Commonwealth v. Martin***, 23 A.3d 1087 (Pa. Super. 2010) (unpublished memorandum). Martin then filed a timely petition for allowance of appeal, which our Supreme Court denied on June 30, 2011. ***Commonwealth v. Martin***, 23 A.3d 1055 (Pa. 2011).

On February 24, 2012, Martin filed a timely *pro se* PCRA petition raising eleven issues for review, and on June 6, 2012, the court appointed Peter A. Levin, Esquire, to represent Martin. Counsel filed an amended PCRA petition on January 21, 2014, alleging three additional grounds for relief. The trial court dismissed Martin's PCRA petition on July 15, 2015.

Martin filed a timely notice of appeal on July 20, 2015, and on August 13, 2015, he filed a Rule 1925(b) statement alleging that the trial court erred by denying his PCRA petition without a hearing. He further alleged that the trial court erred by denying relief on the claims raised in his amended PCRA petition that counsel was ineffective for: (1) causing him to

enter an unknowing and involuntary guilty plea; (2) failing to file post sentence motions; and (3) failing to provide the court with correct information regarding DNA costs. Statement of [Errors] Complained of on Appeal, 8/13/15, at 1. The trial court filed its Rule 1925(a) opinion on August 18, 2015.

On appeal, Martin raises the following issues for our review:

   I.   Whether the PCRA Judge was in error in denying [Martin's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

   II.  Whether the PCRA Judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief, at 8.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

To establish counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. ***Commonwealth v. Burno***, 94 A.3d 956, 964 n.5 (Pa. 2014); ***Strickland v. Washington***, 466 U.S. 668 (1984).

> A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. The burden of proving ineffectiveness rests with the Appellant. To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Rega*, 933 A.2d 997, 1019 (Pa. 2007).

A PCRA court is only required to hold an evidentiary hearing where there is an issue of material fact. Pa.R.Crim.P. 909(B)(1)-(2). "[W]hen there are no disputed factual issues, an evidentiary hearing is not required." *Commonwealth v. Morris*, 684 A.2d 1037, 1042 (Pa. 1996). An evidentiary hearing is unwarranted where a PCRA petitioner's offer of proof is insufficient to establish a prima facie case, or his allegations are refuted by the existing record. *Commonwealth v. Eichinger*, 108 A.3d 821, 849 (Pa. 2014).

First, Martin argues that trial counsel was ineffective for causing him to enter an unknowing and involuntary plea. In order to determine whether Martin entered his plea knowingly, intentionally, and voluntarily, we must examine the plea colloquy. At a minimum, a plea colloquy must inform a defendant of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to be tried by a jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the fact that the judge is not bound by the terms of any plea agreement. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). The adequacy of the plea colloquy and the voluntariness of the resulting plea must be ascertained based on the

totality of the circumstances surrounding the entry of the plea. ***Commonwealth v. Muhammad***, 794 A.2d 378, 383- 84 (Pa. Super. 2002). During the course of a plea colloquy, a defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007).

This Court previously addressed the claim of involuntariness raised by Martin on direct appeal. This Court offered the following analysis of Martin's oral and written plea colloquies under the standard set forth in ***Bedell***:

> The record, as a whole, belies Martin's claim. The trial court provided a thorough oral colloquy to Martin. While at one point it appeared Martin believed his agreed upon sentence was for 10-20 years, the record demonstrates he was properly informed what the actual sentence was and, further, he agreed to the sentence. Not only did the oral colloquy clearly state the sentence, the written guilty plea colloquy, signed by Martin, also clearly stated the negotiated sentence to be 10-30 years' incarceration.
>
> . . .
>
> The record as a whole shows Martin entered into the plea with his eyes open; it was a knowing, intelligent and voluntary plea. The fact he filed an appeal challenging the legality of his sentence does not negate the validity of his plea. Rather, it appears Martin was simply disappointed with the reality of his sentence. Such disappointment does not render a plea invalid and is not reason to allow the withdrawal of an otherwise valid plea. ***See Bedell***, ***supra***.

***Commonwealth v. Martin***, 2474 EDA 2009, unpublished memorandum at 4-6 (Pa. Super. filed January 21, 2011). Accordingly, Martin has failed to demonstrate that his ineffective assistance of counsel claim has arguable merit. ***See Burno***, ***supra***. Furthermore, the PCRA court did not err in

failing to grant Martin an evidentiary hearing on this claim because Martin's offer of proof was insufficient to establish a prima facie case. *See Eichinger*, *supra*.

Next, Martin argues that trial counsel was ineffective for failing to file post-sentence motions. Our Supreme Court has held that the failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief. *Commonwealth v. Reaves*, 923 A.2d 1119 (Pa. 2007). Therefore, Martin bears the burden of pleading and proving that trial counsel's failure to file post-sentence motion prejudiced him – meaning Martin must show that if counsel had filed post-sentence motions, this court would have granted them. *See Commonwealth v. Liston*, 977 A.2d 1089, 1092 (Pa. 2009).

Specifically, Martin alleges that trial counsel was ineffective for failing to file a post-sentence motion for reconsideration of his sentence. In its Rule 1925(a) opinion, the trial court explicitly stated that it would not have granted a motion to reconsider Martin's sentence because it was a negotiated sentence and Martin failed to present any evidence that warranted reconsideration of the sentence. Trial Court Opinion, 8/18/15, at 14. We agree with the trial court that Martin has failed to prove that he was prejudiced by trial counsel's failure to file post-sentence motions. Therefore, we agree with the trial court that Martin's claim that counsel was ineffective for failure to file post-sentence motions is meritless. *See Burno*, *supra*.

We also hold that the PCRA court did not err in declining to grant Martin an evidentiary hearing on this claim because Martin's offer of proof was insufficient to establish a *prima facie* case. **See Eichinger**, **supra**.

Finally, Martin argues that trial counsel was ineffective for failing to provide him with accurate information regarding DNA costs. Martin appears to take umbrage at the fact that he was required to bear the cost of DNA testing although the Commonwealth ordered the tests and that no hearing was held to determine whether he was able to bear the cost of the tests. Appellant's Brief, at 9. Martin cites two cases, **Osbourne v. U.S.**, 557 U.S. 52 (2009), and **Commonwealth v. Dean**, 564 A.2d 1002 (Pa. Super. 1989), which he claims support the proposition that a criminal defendant is not responsible for the cost of DNA testing tied to his prosecution. **Id.**

However, as correctly recognized by the trial court, Pennsylvania law requires that defendants pay for laboratory testing costs incurred in the prosecution of their criminal cases. **See** 42 Pa.C.S. § 1725.3. Furthermore, the trial court has correctly pointed out that neither **Osbourne** nor **Dean** supports Martin's claim that this statute should not apply to him. Therefore, we find that Martin had no reasonable basis on which to challenge the trial court's imposition of DNA costs upon him. As a result, we hold that Martin's ineffectiveness claim does not have arguable merit and that Martin was not prejudiced by trial counsel's failure to provide him with accurate information regarding DNA costs. **See Burno**, **supra**. Furthermore, we hold that the PCRA court did not err in failing to grant Martin an evidentiary hearing on

this claim because Martin's offer of proof was insufficient to establish a prima facie case. **See Eichinger**, **supra**.

Order affirmed.[2]

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016

---

[2] In its Rule 1925(a) opinion, the trial court notes that counsel filed an amended PCRA petition raising three additional grounds for relief. However, because counsel did not seek leave to amend the petition, the court asserts that pursuant to **Commonwealth v. Baumhammers**, 92 A.3d 708, 730-31 (Pa. 2014), the three issues raised in the amended PCRA petition should be considered waived. Martin's *pro se* petition raises the following question: "Was trial counsel ineffective for . . . not filing post-sentence motions?" Memorandum of Law in Support of PCRA Petition?" 2/24/12, at 2. Accordingly, this issue was clearly included in both the *pro se* and amended petitions. The *pro se* Petition also raises the following question: "Was the defendant['s] guilty plea knowing, intelligent and voluntary." **Id.** The amended petition presents the same issue as an ineffectiveness claim. The *pro se* petition also raises the following question: "Did the trial court err in imposing DNA-lab fines, when, in fact, [the] trial court had full knowledge that [the] [C]ommonwealth order[ed] the blood work to be completed." **Id.** Again, the amended petition raises this claim as an ineffectiveness claim. Because the post sentence motion, guilty plea and DNA costs issues can be construed as reasonably subsumed in the original petition, **Baumhammers**, **supra** at 731, we conclude they are not waived.