J-S78026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
DERRICK S. CLEMONS,   :
  :
Appellant   :   No. 758 WDA 2017

Appeal from the PCRA Order December 9, 2016
In the Court of Common Pleas of Indiana County
Criminal Division at No.: CP-32-CR-0000970-2014

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:       **FILED APRIL 25, 2018**

Appellant, Derrick S. Clemons, appeals from the Order entered in the Indiana County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis of the PCRA court's December 9, 2016 Opinion.

In an Opinion filed on December 9, 2016, the PCRA court detailed the factual history underlying the instant appeal. *See* PCRA Court Opinion, 12/9/16, at 1-2. We adopt the PCRA court's recitation of the facts for the purpose of this appeal. In summary, on January 9, 2015, Appellant entered a negotiated guilty plea to one count of Corrupt Organizations, one count of Criminal Conspiracy, and three counts of Possession of a Controlled

_____

* Retired Senior Judge assigned to the Superior Court.

Substance with Intent to Deliver ("PWID") in connection with his involvement in heroin trafficking.[1] On April 17, 2015, the trial court sentenced Appellant to an aggregate term of 2 to 15 years' incarceration. Appellant did not appeal.

On March 10, 2016, Appellant filed a *pro se* PCRA Petition alleging, *inter alia*, that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea. The PCRA court appointed counsel, and counsel filed an Amended PCRA Petition on August 9, 2016. The PCRA court held an evidentiary hearing on September 30, 2016, at which Appellant, Office of Attorney General Narcotics Agent James Farmer, and plea counsel James Wray, Esq. testified.

On December 9, 2016, the PCRA court dismissed Appellant's PCRA Petition in an Opinion and Order.

Appellant filed a timely Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[2]

Appellant presents three issues for our review:

[1.] Whether defense counsel was ineffective counsel by not filing a motion to suppress any body recordings that were obtain[ed] unlawfully by the Commonwealth?

---

[1] 18 Pa.C.S. § 911; 18 Pa.C.S. § 903; and 35 P.S. § 780-113(a)(30), respectively.

[2] In its brief Pa.R.A.P. 1925(a) Opinion, the PCRA court adopted its December 9, 2016 Opinion.

[2.] Whether defense counsel was ineffective counsel to [*sic*] properly communicate with [Appellant] about his case, which ultimately caused [Appellant] to plead guilty?

[3.] Whether defense counsel was ineffective counsel because defense counsel failed to forward discovery to [Appellant] until after the plea hearing, causing [Appellant] to plead guilty to the respective charges?

Appellant's Brief at 6 (capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth***

*v. Fulton*, 830 A.2d 567, 572 (Pa. 2003) (citations omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

The right of a criminal defendant to effective counsel extends to the plea process. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted). Where a petitioner presents ineffective assistance of counsel claims in connection with the entry of a guilty plea, we will only grant relief "if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 338-39 (citations omitted). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty." *Bedell*, *supra* at 1212 (citation omitted).

The Honorable William J. Martin, sitting as the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing relevant case law in addressing Appellant's claims. The record supports the PCRA court's findings and the Order is otherwise free of legal error. We, thus, affirm on the basis of the PCRA court's December 9, 2016 Opinion. *See* PCRA Court Opinion, 12/9/16, at 2-5 (concluding it properly dismissed

Appellant's PCRA Petition because: (1) plea counsel was not ineffective for failing to file a meritless motion to suppress intercepted texts and oral communications because investigators obtained consent from confidential informants and otherwise complied with the Wiretapping and Electronic Surveillance Control Act, in particular 18 Pa.C.S. § 5704 ("Exceptions to prohibition of interception and disclosure of communications"); (2) plea counsel was not ineffective for failing to communicate with Appellant insofar as plea counsel had three phone conversations and met with Appellant before Appellant entered his guilty plea; and (3) plea counsel was not ineffective for failing to provide Appellant with discovery because plea counsel provided a discovery packet to Appellant before his sentencing and Appellant took no action based on the information he obtained).

The parties are instructed to attach a copy of the PCRA court's December 9, 2016 Opinion to all future filings.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2018

DA-Michelle
J. Szalkowski

M. Sheelan-Baloshon, D.AA

| COMMONWEALTH OF | : IN THE COURT OF COMMON PLEAS |
| PENNSYLVANIA | : INDIANA COUNTY, PENNSYLVANIA |
| | : |
| | : |
| vs | : NO. 970 CRIM 2014 |
| | : |
| DERRICK STEVEN CLEMONS, | : |
| | : |
| Defendant. | : |

2016 DEC -9 PM 1:56
INDIANA COUNTY PROTHONOTARY AND CLERK OF COURTS

## OPINION AND ORDER OF COURT

**MARTIN, P.J.**

This matter is before the Court on Petitioner Derrick Clemons' Petition for Post-Conviction Collateral Relief pursuant to the Post-Conviction Collateral Relief Act (PCRA). A hearing on the Petition was held September 30, 2016. Petitioner was arrested as a result of an investigation into heroin trafficking by agents of the Office of Attorney General, Bureau of Narcotics Investigation and Drug Control (BNI) and the Indiana County District Attorney's Drug Task Force. The Indiana Borough Police Department began making controlled purchases of heroin from Petitioner through confidential informants in January 2013, and continued to do so through June 2014. On June 10, 2014, BNI agents and Task Force Officers from the Indiana County District Attorney's Drug Task Force executed a search warrant on Petitioner's residence, seizing drugs, cash, surveillance cameras, and vehicles. Members of a Grand Jury recommended that criminal proceedings be instituted as a result of the investigation.

Petitioner entered a plea of guilty to the offenses of Corrupt Organizations, 18 Pa. C.S.A. §911(b)(3), a felony of the first degree; Criminal Conspiracy to Delivery of a Controlled Substance, Less Than One Gram of Heroin, 18 Pa. C.S.A. §903(a)(1), 35 P.S. §780-113(a)(30), an ungraded felony; Delivery of a Controlled Substance, 5.3 Grams of Heroin, a second or subsequent offense, 35 P.S. §780-113(a)(30), an ungraded felony; Delivery of a Controlled

1


45

Substance, 2 Grams of Heroin, a second or subsequent offense, 35 P.S. §780-113(a)(30), an ungraded felony; and, Possession With Intent to Deliver, 5.3 Grams of Heroin, a second or subsequent offense, 35 P.S. §780-113(a)(30), an ungraded felony.

On April 17, 2015, as to the offense of Criminal Conspiracy to Delivery of a Controlled Substance, Petitioner was sentenced to incarceration at a State Correctional Institution for a period of not less than two (2) years nor more than fifteen (15) years. As to the offense of Delivery of a Controlled Substance, 5.3 Grams of Heroin, a second or subsequent offense, Petitioner was sentenced to incarceration of not less than two (2) years nor more than fifteen (15) years. As to the offense of Delivery of a Controlled Substance, 2 Grams of Heroin, a second or subsequent offense, Petitioner was also sentenced to incarceration for not less than two (2) years nor more than fifteen (15) years. No sentence was imposed for the offense of Possession With Intent to Deliver, 5.3 Grams of Heroin, a second or subsequent offense, as it merged with another offense. All sentences were to run concurrently, and no direct appeal was taken. Petitioner was represented throughout all proceedings by Attorney James Wray. For the reasons set forth below, the Petition is DENIED.

Petitioner seeks relief on the basis that counsel was ineffective for the following reasons: (1) for failing to file a motion to suppress intercepted texts and oral communications; (2) for causing him to enter an involuntary or unknowing guilty plea; (3) for not maintaining adequate communication with Petitioner; and (4) for failing to provide Petitioner with his discovery packet until approximately two weeks prior to his sentencing.

The relevant portions of the PCRA are set forth below and Petitioner must prove each by a preponderance of the evidence:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

2

(i) currently serving a sentence of imprisonment, probation or parole for the crime:

…

(2) That the conviction or sentence resulted from one or more of the following:

    (i)      A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

    (ii)     Ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

When presented with a claim of ineffectiveness of counsel, Pennsylvania follows the performance and prejudice test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, Petitioner must establish that:

"(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different."

Commonwealth v. Robinson, 82 A.3d 998, 1005 (Pa. 2013) (citing Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987)). These elements are in no particular order, and a claim may fail under any necessary element. Robinson at 1005 (citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998)).

Petitioner argues that the interception of his communications with confidential informants was illegal because it was done absent a warrant or proper consent and that it constituted a violation of the Wiretapping and Electronic Surveillance Act, specifically the provisions of 18

3

Pa. C.S. §5704(2)(ii) providing a requirement of authorization for the interception of conversations.

Petitioner has cited a case discussing the requirements for consent, although a thorough reading of that decision reveals an outcome contrary to the one Petitioner seeks. See Commonwealth v. Barone, 566 A.2d 908, 909 (Pa. Super. 1989). The restriction on surveillance by law enforcement requires that "one of the parties must give prior consent to such an interception. Interceptions are also limited to communications involving suspected criminal activities. When acting within these limitations, law enforcement authorities violate no constitutional rights of the parties by intercepting conversations where one of the conversants has consented to have the conversation recorded." Barone, at 911. Additionally, "surveillance conducted with the consent of the party to the conversation is not subject to the exacting standards of authorization required for non-consensual surveillance under the Wiretap Act. Id. (Quoting Commonwealth v. Checca, 491 A.2d 1358, 1364 (Pa. Super. 1989)). Here, the confidential informants consented to participate in the interception of their communications with Petitioner. The consent of one party is sufficient to permit surveillance, therefore, Petitioner's argument as to the absence of consent lacks merit. There were also no additional requirements for authorization pursuant to the Wiretap Act because the consent of one party had been obtained.

The first element for prevailing on an ineffectiveness of counsel claim is that the claim must be of arguable merit. At the hearing on the matter, Attorney Wray testified that he did not file any motions on Petitioner's behalf because no meritorious reasons existed for him to do so. A review of the requirements for consent supports Attorney Wray's explanation for not filing a motion to suppress. Here, no meritorious claim existed, therefore, counsel cannot be deemed ineffective for failing to file a motion to advance one. This reasoning also applies to

4

Petitioner's second argument that counsel was ineffective for not realizing the surveillance was illegal and as a result, encouraging Petitioner to enter a guilty plea. Contrary to Petitioner's claim, the surveillance was legally conducted, and this claim has no merit.

Petitioner's next claims counsel was ineffective for failing to adequately communicate with him regarding his case. Petitioner alleges that counsel did not return his phone calls and only met with him one time. Attorney Wray testified that he was appointed to represent Petitioner after his preliminary hearing, had three phone conversations with him, and met with him before a plea was entered. This claim also lacks merit, as counsel did communicate with Petitioner prior to his plea and sentence.

Finally, Petitioner claims that counsel was ineffective for failing to provide him with his discovery packet until approximately two weeks before sentencing and after his guilty plea had already been entered. Attorney Wray testified that the discovery packet was provided after a plea was entered, however, he disputed that it was not provided until two weeks before sentencing. Regardless of the disagreement as to when the packet was provided, no prejudice to Petitioner exists. At any time prior to sentencing, Petitioner could have withdrawn his guilty plea should he have decided that he no longer wished to proceed with it. Counsel cannot be deemed ineffective where the discovery packet was provided prior to sentencing, giving Petitioner the opportunity to change his plea.

Wherefore, the Court makes the following Order.

**COMMONWEALTH OF PENNSYLVANIA**

**:** IN THE COURT OF COMMON PLEAS
**:** INDIANA COUNTY, PENNSYLVANIA
**:**
**:**

vs

**:** NO. 970 CRIM 2014
**:**

**DERRICK STEVEN CLEMONS,**

**:**
**:**

**Defendant.**

**:**

## ORDER OF COURT

**MARTIN, P.J.**

And now, this ___9ᵗʰ___ day of December, 2016, upon due consideration of Petitioner's petition and hearing seeking Post-Conviction Collateral Relief, it is hereby ORDERED and DECREED that the petition DENIED.

BY THE COURT,

_____
President Judge

6

2016 DEC -9 PM 1: 57
INDIANA COUNTY
PROTHONOTARY AND
CLERK OF COURTS

46

