**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK CORNWALL | : | |
| | : | |
| Appellant | : | No. 3958 EDA 2017 |

Appeal from the PCRA Order November 2, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005260-2016

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 04, 2018**

Patrick Cornwall (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We summarize the pertinent facts and procedural history of this case as follows.  In April 2017, Appellant entered a negotiated guilty plea to two counts of simple assault, one count of terroristic threats, and one count of driving with a suspended license, DUI-related.  The terms of the plea included, *inter alia*, a sentence of ten months to two years, less a day, in the Delaware County Prison, and a recommendation for work release eligibility so long as Appellant qualified under the guidelines for county intermediate punishment.

At the plea colloquy, Appellant's counsel (plea counsel) stated that Appellant had spoken with Katherine Miller, the work release case manager, and that Ms. Miller indicated that Appellant appeared to be eligible for work

_____
* Former Justice specially assigned to the Superior Court.

release, based upon the information Appellant provided in their discussion. N.T., 10/26/17, at 106-109. Following the colloquy, the trial court imposed the agreed upon sentence of ten months to two years, less a day. The trial court also imposed the condition that Appellant was "stationary work release eligible if deemed appropriate by the prison." Judgment of Sentence, 4/21/17. Appellant did not file a direct appeal.

On May 17, 2017, plea counsel filed a petition to modify the conditions of the sentence, requesting permission for Appellant to attend physical therapy sessions while in the work release program. The Commonwealth did not oppose the petition, and the trial court granted Appellant's request, conditioned on his work release eligibility.

On May 23, 2017, after learning that a preexisting condition (seizures) made Appellant ineligible for work release, plea counsel filed a second petition requesting that Appellant be able to serve his sentence using electronic home monitoring. Petition, 5/23/17, at ¶ 4-5. In response, the trial court issued an order, stipulated by counsel, which directed that Appellant "be placed in the Delaware County Prison work release program [forthwith]." Stipulation, 6/9/17. Despite the trial court's order, Appellant was never placed in the work release program.

On June 8, 2017, Appellant filed a timely *pro se* PCRA petition. The PCRA court scheduled a hearing and appointed PCRA counsel. Appellant subsequently filed a counselled, amended PCRA petition that challenged the effectiveness of plea counsel and, in turn, the voluntariness of his guilty plea.

- 2 -

The PCRA court conducted a hearing on the merits of Appellant's amended petition where Appellant, Ms. Miller, and plea counsel offered testimony. Appellant testified that he had asked plea counsel what it meant to be eligible for work release and that plea counsel told him "don't worry about it. . . [because ineligibility] never happens to anybody." N.T., 10/26/17, at 24-25. Appellant stated that he had spoken with Ms. Miller about work release and that "she told [him] all of the rules" of the program, but did not tell him that he needed to be cleared medically. *Id.* at 24-25, 38. Appellant also stated that he did not inform Ms. Miller of an open criminal charge pending against him. *Id.* at 25.

Ms. Miller testified that she explained to Appellant that he would need to be medically cleared by the prison to be eligible for work release, and that Appellant did not discuss with her his seizures or inquire about whether his medical condition would make him ineligible for the program. *Id.* at 58. Ms. Miller also stated that she informed Appellant that an open case or detainer would make an inmate ineligible for work release, but that Appellant did not inform her that he had an open case. *Id.* at 55, 58.

Plea counsel testified that neither the trial court nor the Commonwealth promised Appellant that he would be eligible for work release, and that the trial court made Appellant aware that his eligibility for work release was contingent on prison guidelines. *Id.* at 104-109. Plea counsel also testified that had he known that Appellant's medical condition and open case

- 3 -

disqualified him from work release eligibility, he would have informed him. *Id.* at 110-112.

The PCRA court found the testimony of Ms. Miller and plea counsel to be credible and determined that Appellant's testimony was not credible. PCRA Court Opinion, 1/12/18, at 9, 14. Accordingly, on November 2, 2017, the PCRA court entered an order dismissing Appellant's petition. Appellant filed a timely, counselled notice of appeal and complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The PCRA court issued a Rule 1925(a) opinion.

Appellant raises the following issue:

> I.     Did the trial court err in dismissing [Appellant's] petition for post conviction relief wherein he alleged that [plea] counsel was ineffective for indicating to [Appellant] that he would be work release eligible as part of the negotiated plea entered into with the District Attorney's Office of Delaware County?

Appellant's Brief at 4.

Our standard of review is well-settled:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013) (citation omitted).

Appellant argues that plea counsel was ineffective for failing to advise him before he entered the negotiated guilty plea that his medical condition

- 4 -

and pending criminal charge made him ineligible for work release. Thus, Appellant contends that his guilty plea was "not knowing and voluntarily entered." Appellant's Brief at 13.

> [I]n order to obtain relief based on [an ineffectiveness] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

While a criminal defendant's right to effective counsel extends to the plea process, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Barndt*, 74 A.3d at 192 (citation omitted). "The voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Beddell*, 954 A.2d 1209,

1212 (Pa. Super 2008), **appeal denied**, 964 A.2d 893 (Pa. 2009). It is well-settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011).

In addition, a petitioner attempting to prove the ineffectiveness of counsel must adequately discuss each of the three ineffectiveness prongs or the appellate court will reject the claim. **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015), **appeal denied**, 123 A.3d 331 (Pa. 2015), *citing* **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014). Claims of ineffectiveness of counsel are not self-proving, and this Court will not serve as counsel for Appellant or consider issues which are not fully developed in the brief. **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010), **appeal denied**, 29 A.3d 796 (Pa. 2011); **see also Commonwealth v. Spotz**, 18 A.3d 244, 282 (Pa. 2014) (finding waiver where Appellant failed to meaningfully develop the elements of an ineffectiveness of counsel claim).

Here, aside from a brief statement generally summarizing the applicable law and a single conclusory assertion that his guilty plea "was not knowing and voluntarily entered based on [his] reliance on the representations of [plea counsel,]" Appellant has failed to set forth a cognizable argument that he is

entitled to relief under the PCRA. Appellant's Brief at 11-13. He does not discuss or apply the standard for ineffectiveness claims, and he fails to develop an argument concerning any of the ineffectiveness prongs. Accordingly, we conclude that Appellant has waived this claim for failure to properly develop it. *See Spotz*, 18 A.3d at 282; *Reyes-Rodriguez*, 111 A.3d at 780; *Kane*, 10 A.3d at 331.

Moreover, even if Appellant had properly developed an ineffective assistance of counsel argument in his appellate brief, he would have failed to meet his burden of proving that his claim has arguable merit. Our review of the record reveals that there is no evidence indicating that plea counsel or anyone else promised Appellant that he would be eligible for work release prior to his guilty plea. *See* N.T., 10/26/17, at 55, 58, 104-112. The record is clear that both the trial court and Ms. Miller told Appellant that his entry into the work release program was contingent upon prison guidelines. *See id.* The PCRA court expressly credited the testimony of Ms. Miller and plea counsel, who testified that they never guaranteed Appellant that he would be eligible for work release. PCRA Court Opinion, 1/12/18, at 9, 14. We are bound by the PCRA court's credibility determinations when supported by the record. *Roney*, 79 A.3d at 603. We therefore affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/18