J-S24015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYLVAN HAYES | : | |
| | : | |
| Appellant | : | No. 1958 EDA 2021 |

Appeal from the PCRA Order Entered August 17, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007533-2009,
CP-51-CR-0007534-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYLVAN HAYES | : | |
| | : | |
| Appellant | : | No. 1959 EDA 2021 |

Appeal from the PCRA Order Entered August 17, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007533-2009,
CP-51-CR-0007534-2009

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 12, 2022**

Sylvan Hayes appeals from the orders[1] denying his first petition for relief

filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court *sua sponte* consolidated the appeals.

§§ 9541-9546. Hayes argues that his counsel was ineffective in failing to file a Pa.R.Crim.P. 600 motion and inducing an involuntary guilty plea. We affirm.

On March 29, 2009, Hayes attacked his ex-girlfriend, Ameenah Clark, and her male friend, Lemar Johnson, with a machete. Johnson suffered lacerations to his forehead and arms and Clark suffered multiple lacerations to her head and had three fingers cut off. The police ultimately arrested Hayes, and on March 29, 2009, the Commonwealth charged him with numerous crimes at two separate cases.

On June 23, 2011, after a jury had been selected but before trial commenced, Hayes entered an open guilty plea at both cases to two counts each of attempted murder, aggravated assault, possessing an instrument of crime, and terroristic threats. On November 6, 2012, the trial court sentenced Hayes to an aggregate sentence of 25 to 50 years in prison. Hayes filed a direct appeal but discontinued the appeal on October 6, 2016.

On May 4, 2017, Hayes filed a timely counseled PCRA petition, and thereafter, an amended petition, claiming that plea counsel was ineffective for not filing a Rule 600 motion and for inducing an involuntary plea. The PCRA court entered separate orders dismissing Hayes's petition without a hearing. Following a protracted history not relevant to this appeal, Hayes filed two notices of appeal from the orders.

On appeal, Hayes raises the following questions for our review:

1. Whether the PCRA Court erred by dismissing the petition insofar as [] Hayes satisfied each and every prong of

> ***Strickland***/***Pierce*** with respect to trial counsel's failure to litigate a speedy trial motion?
>
> 2. Whether the PCRA Court should have at the very least held an evidentiary hearing on the issue of trial counsel's ineffectiveness in connection with [] Hayes'[s] speedy trial rights?
>
> 3. Whether the PCRA Court should have held an evidentiary hearing on the issue of trial counsel's ineffectiveness in connection with [] Hayes'[s] guilty plea?

Brief for Appellant at 8.

This Court's standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011). Further, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (citation omitted).

We will address Hayes's claims together. Hayes contends that the PCRA court erred in dismissing his petition without an evidentiary hearing. ***See*** Brief for Appellant at 11. He first argues that counsel was ineffective for failing to file a Rule 600 motion, as the mechanical run date had expired at the time the case was brought to trial. ***See id.*** at 11-13. Hayes highlights that the Commonwealth filed the criminal complaint on March 29, 2009, but that trial

commenced in June 2011, well past the mechanical run date of March 29, 2010. *See id.* at 12.

Further, Hayes claims that counsel was ineffective for inducing him to enter an unknowing and involuntary guilty plea. *See id.* at 13. Hayes asserts he was unsatisfied with his attorney because he did not see him until his court date and his attorney did not prepare his defense. *See id.* Hayes argues that he pleaded "guilty because his lawyer thought it was the best thing for him to do." *Id.*

To succeed on an ineffectiveness claim, Hayes must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *See Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Montalvo*, 244 A.3d 359, 368 (Pa. 2021).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of

attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citations, brackets, and some quotation marks omitted).

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, cmt.

- 5 -

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

**Bedell**, 954 A.2d at 1212-13 (citations, quotation marks, and ellipses omitted).

During his oral and written guilty plea colloquies, Hayes stated that he understood English, did not have any mental health issues, was not under the influence of drugs or alcohol, and he made a knowing choice to enter the plea. **See** Written Guilty Plea Colloquy, 6/23/11, at 1; N.T., 6/23/11, at 8-12, 22-23, 33, 45, 60-61, 63, 64-65. Hayes further understood the nature of the charges, admitted to committing the crimes, and stated that he would accept responsibility for his actions. **See** Written Guilty Plea Colloquy, 6/23/11, at 1, 3; N.T., 6/23/11, at 9, 35-42, 45-54, 60-61.

Moreover, Hayes stated that he understood the permissible range of sentences and fines and indicated that he was entering an open guilty plea and that the trial court had discretion on the imposition of the sentence. **See** Written Guilty Plea Colloquy, 6/23/11, at 1; N.T., 6/23/11, at 9-11, 18-20, 42-44, 59, 62-63. Hayes also confirmed that he understood the rights he was foregoing by pleading guilty, including the presumption of innocence, the right

to file pretrial motions, such as a Rule 600 motion, and the right to a jury trial. *See* Written Guilty Plea Colloquy, 6/23/11, at 2 (wherein Hayes acknowledged that he would waive his Rule 600 issue if he pled guilty); N.T., 6/23/11, at 12-13, 23-28. Hayes further affirmed that he was not a United States citizen and that he was at risk of deportation by entering the plea. *See* Written Guilty Plea Colloquy, 6/23/11, at 3; N.T., 6/23/11, at 14-15, 23.

Additionally, Hayes indicated that no one had forced or threatened him to plead guilty and that he willingly entered the plea. *See* Written Guilty Plea Colloquy, 6/23/11, at 1; N.T., 6/23/11, at 10-12, 16-18, 31, 63. Finally, Hayes expressed satisfaction with his plea counsel. *See* Written Guilty Plea Colloquy, 6/23/11, at 3; N.T., 6/23/11, at 63. Thereafter, the trial court accepted Hayes's guilty plea. *See* N.T., 6/23/11, at 64.

Considering the totality of the circumstances, the record reflects that Hayes voluntarily, knowingly, and intelligently tendered his guilty plea. *See* *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea). Indeed, Hayes explicitly understood that he was giving up his right to file any pre-trial motions, including a Rule 600 motion, by pleading guilty. *See* Written Plea Colloquy, 6/23/11, at 2; *see also* N.T., 6/23/11, at 12-13, 23-28. Therefore, Hayes tendered his guilty plea under his

own volition, despite any purported Rule 600 issue,[2] and has not demonstrated prejudice amounting to manifest injustice to justify withdrawing his guilty plea. Based upon the foregoing, we conclude that Hayes's ineffectiveness claim is without arguable merit. Accordingly, Hayes's failure to establish any genuine issue of material facts demonstrates that the PCRA court did not abuse its discretion in dismissing the PCRA petition without a hearing. *See Maddrey*, 205 A.3d at 329.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2022

_____

[2] The PCRA court found that Hayes failed to meet his burden in establishing a Rule 600 violation. *See* PCRA Court Opinion, 12/20/21, at 5-6 (unnumbered). Specifically, the PCRA court noted that Hayes merely provided a conclusory statement that the Commonwealth violated Rule 600 because it took more than 365 days to bring the case to trial. *See id.* at 5 (unnumbered). In this regard, the PCRA court concluded that Hayes failed to address any delays or whether the Commonwealth acted with due diligence. *See id.* We note that on appeal, Hayes has similarly failed to develop a record-based argument challenging any specific period of delay, and instead merely making a boilerplate assertion that the record is complete. *See* Brief for Appellant at 12-13. Similarly, Hayes's argument in support of his second issue consists of two paragraphs that do not cite to any evidence to support his claim that counsel was unprepared to go to trial or identify any specific subject that counsel failed to satisfactorily discuss with Hayes. *See id*. at 13.